ANTHONY JUOZAPAITIS'S CASE.

Suffolk. December 9, 1959. — December 31, 1959.

Present: WILKINS, C.J., SPALDING, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Jurisdiction*, Over the person, Raising question of jurisdiction. *Workmen's Compensation Act*, Parties, Decree.

In a workmen's compensation case where it appeared that the executors of a decedent's estate were the employers, upon an appeal from a decree of the Superior Court denying a motion to vacate the final decree, but not from the final decree itself, this court took note of a want of jurisdiction in that the final decree ordered contributions by the beneficiaries of the estate to reimburse the insurer for payment of double compensation under G. L. c. 152, § 28, although the beneficiaries had not been served with process and were not in the case, and reversed both decrees.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

Following the decision by this court reported in 335 Mass. 137, there was further hearing in the Superior Court, and the decrees described in the opinion were entered, by *Morton, J.*

*Salvatore J. Basile,* (*Thomas H. Collins* with him,) for James F. McManmon and another, executors, employers.

*John L. McDonough, Jr.,* (*John J. Brady* with him,) for the insurer.

WILKINS, C.J.   Following the previous opinion in this case, 335 Mass. 137, the case was further heard in the Superior Court.   The result was a decree whereby it was ordered that the insurer pay the employee $5,975.48 "in accordance with the decisions of the Industrial Accident Board" and under G. L. c. 152, § 28, and attorney's fees, costs, and expenses in the sum of $207 under c. 152, § 11A; and further that in accordance with G. L. c. 152, § 28, "the employer, the Estate of James McManmon, reimburse the insurer for all amounts paid hereunder, each heir, legatee, devisee or other beneficiary of said estate paying his or her proportionate share."   A motion by the executors of the estate to vacate the decree was denied, and they appealed.

Much of the argument addressed to us has been concerned with the content of the decree, it being contended that counsel for the insurer induced the judge to enter a different decree from that which counsel for the estate, who was not present in court, had been led to believe was to be entered.   We shall not discuss this issue, because it is obvious that the final decree contained orders against individual beneficiaries of the estate (other than the executors) who had not been served with process and over whom the court had no jurisdiction in personam.   *Rosenthal* v. *Maletz,* 322 Mass. 586, 590, and cases cited.   *Feeney* v. *Feeney,* 335 Mass. 534, 539.   *Messina* v. *LaRosa,* 337 Mass. 438, 443. The motion to vacate should have been allowed.   From this it follows that the original decree likewise cannot stand,

even though no appeal was taken from it. We may at any time of our own motion take note of a lack of jurisdiction. *Jones* v. *Jones*, 297 Mass. 198, 202, and cases cited. *Kirby* v. *Kirby*, 338 Mass. 263, 266.

Apparently the executors, who had been the employers, had closed the estate while the workmen's compensation case was still pending and at a time when no order against them under § 28 had been made. It should be stated in contemplation of further proceedings that as a general principle once litigation has been commenced, the parties take their chance of reversal in an appellate court. See G. L. (Ter. Ed.) c. 214, § 19; *Carilli* v. *Hersey*, 303 Mass. 82, 84.

*Decrees reversed.*