**LOCAL 2, INTERNATIONAL BROTHERHOOD OF TELEPHONE WORKERS, Leonard M. Sprague, Jr., William J. Coughlin, Raymond Manning, William Lester, Robert J. White and Philip Mulhern, individually and as they are representatives of all the members of Local 2, International Brotherhood of Telephone Workers, Plaintiffs,**

v.

**INTERNATIONAL BROTHERHOOD OF TELEPHONE WORKERS and Gerald J. Walsh, Donald J. Doherty and James N. Fay, individually and as representatives of all the members of the International Brotherhood of Telephone Workers, Defendants.**

**BASIS OF ACTION:** Labor Management Reporting and Discharge Act of 1959.

Civ. A. No. 69–262–J.

United States District Court
D. Massachusetts.

June 20, 1969.

Warren H. Pyle, Angoff, Goldman, Manning & Pyle, Boston, Mass., for plaintiff.

Joseph T. Doyle, Condon, O'Callaghan & Doyle, Boston, Mass., for defendants.

## COURT'S ACTION ON MOTION FOR PRELIMINARY INJUNCTION

JULIAN, District Judge.

This is a civil action brought pursuant to Section 102 of the Labor Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 412. Plaintiffs are Local 2 of the International Brotherhood of Telephone Workers (hereinafter

"Local 2") and six of its individual members, including three of its officers, proceeding individually and on behalf of all members of Local 2. Defendants are the International Brotherhood of Telephone Workers (hereinafter "International") and three of its officers.

Plaintiffs seek preliminary and permanent injunctive relief ordering defendants to reinstate the individual plaintiffs to full membership in International, to recognize them as duly elected officers of Local 2, and to accord to them all rights and privileges to which such officers are entitled. The basic question raised by the complaint is whether International's suspension of the individual plaintiffs from membership on August 1, 1966, violated plaintiffs' rights under the so-called labor bill of rights, 29 U.S.C. § 411(a) (2), (5), and was therefore unlawful. 29 U.S.C. § 529.

The case is presently before the Court following oral arguments upon plaintiffs' motion for a preliminary injunction. Plaintiffs seek a preliminary order requiring defendants to recognize three of the individual plaintiffs, Sprague, Coughlin and Lester, as duly elected delegates from Local 2 to the 1969 convention of International. The convention is scheduled to begin Monday, June 23, 1969.

The following appears from the complaint, the answer, and the materials submitted by plaintiffs, without objection, in support of their motion for preliminary injunction:

(1) Both the International and Local 2 are labor organizations within the meaning of section 3(i) of the Act, 29 U.S.C. § 402(i). International is a voluntary unincorporated association composed of 25 affiliated local unions, including Local 2, and acts as the collective bargaining representative of its approximately 12,000 members, all of whom are employees of the New England Telephone and Telegraph Com-

pany.[1] Local 2, with its principal office in Boston, is composed of approximately 1,000 installers and repairmen employed by the New England Telephone and Telegraph Company.[2]

(2) On May 31, 1966, the International, purporting to act under its constitution, undertook to suspend Local 2's charter and to strip Local 2's officers of all authority. The reason given for this action was Local 2's alleged disregard of the decisions and instructions of the International Executive Council (hereinafter "I.E.C.") regarding a so-called "wild-cat" strike by Local 2's members in Boston on May 13, 1966.[3] On the same day the International imposed a "trusteeship," 29 U.S.C. § 402(h) on Local 2, designating Alton S. MacDonald, then a member of both Local 2 and the I.E.C.,[4] to administer the affairs of the local.[5]

(3) Local 2 then brought a civil action in this Court for injunctive relief pursuant to 29 U.S.C. § 464(a) seeking to enjoin the International from suspending the charter of Local 2 or the authority of its officers and seeking to enjoin MacDonald from administering the affairs of the local.[6] On December 15, 1966, Judge Caffrey issued a temporary restraining order and held that the trusteeship had been imposed illegally.[7] Local No. 2, International Brotherhood of Telephone Workers v. International Brotherhood of Telephone Workers, 1966, D.Mass., 261 F.Supp. 433.

(4) In the meantime, on or about July 5, 1966, certain officers of the International levied charges against the individual plaintiffs, each charge stating

"[t]hat you * * * have worked against the interests and harmony of the International Brotherhood of Telephone Workers in violation of Article XXIX, Section 1 of the International Constitution and have actively and openly advocated that the members of the International * * * secede from the International Union and join with the Teamster Unions and other Unions and have so advocated actively and openly from May 21, 1966 up to and including the present date." [8]

These charges stemmed from the activities of the plaintiff Sprague and others, including Local 2's executive

---

1. Complaint, par. 3; Answer, par. 3; State court record, p. 3.

2. Complaint, par. 2; Plaintiffs' brief, p. 1.

3. Complaint, par. 6(a); Judge Caffrey's opinion, p. 2; Judge Smith's opinion, pp. 1–2.

4. Judge Smith's opinion, pp. 2, 7; Tr., p. 3.

5. Complaint, par. 6(a); Judge Caffrey's opinion, p. 2; Judge Smith's opinion, p. 2.

6. Judge Smith's opinion, p. 2; State court record, p. 20.

7. Judge Caffrey held the suspension of Local 2's charter invalid because (1) the International's constitution was too vague with respect to the manner or procedure under which trusteeships might be imposed, thus violating 29 U.S.C. § 462, and (2) Local 2 had been denied a full and fair hearing within the meaning of 29 U.S.C. § 464(c) in that Local 2 was not permitted to cross-examine any witnesses who testified at the hearing.

8. The quoted language is that contained in paragraph 4 of the complaint and admitted in paragraph 4 of defendants' answer. See also the opinion of the State Superior Court, *infra*, at page 4. The language differs slightly, however, from that contained in Exhibit 14 from the State court record (six Xerox copies of the actual letters sent to the individual plaintiffs) in that the letters in Exhibit 14 do not use the conjunctive "and" to separate the charge of working against the harmony and interests of the International from the charge of advocating secession. Rather, Exhibit 14 charges that plaintiffs did the former "in that" they did the latter. This variance between the pleadings and the evidence, if it becomes significant, can be adjusted by timely motion under Rule 15(b), Fed.R.Civ.Proc. The discrepancy is noted here merely because counsel at oral argument dwelled on the precise language of the charges.

board, in support of an organizational drive within the International by the Teamsters' Union for the purpose of inducing the National Labor Relations Board to order a representation election.[9]

(5) The International Executive Council (I.E.C.) conducted a trial on these charges on August 1, 1966, at Boston, following which each of the individual plaintiffs was informed by letter that he had been suspended indefinitely from membership in the International.[10]

(6) Local 2 refused to acknowledge the validity of the purported suspensions and permitted nomination of the individual plaintiffs for Local 2 offices in the elections scheduled for January 1967.

(7.) Prior to the elections, however, the trustee, MacDonald, and five officers of the International (including the three individual defendants here) filed a bill in equity in the State Superior Court seeking to enjoin Local 2 and its members from holding elections for local officers or convention delegates for the year 1967 and enjoining the individual plaintiffs here from standing for election.[11] The State court trial judge denied a motion for preliminary injunction on January 26, 1967, whereupon Local 2 on January 27, 1967, held elections. Each of the six individual plaintiffs here was elected as a delegate to the International convention, and Sprague and Coughlin were elected to union offices.[12]

(8) On April 5, 1967, the pleadings in the State court action were amended to convert the original bill into a bill for declaratory relief seeking a declaration that the defendants there were ineligible to hold the offices to which they had been elected and asking that they be enjoined from performing the duties of their respective offices.[13]

(9) On August 7, 1967, following a two-day trial,[14] Judge Smith issued findings of fact and a decree, holding (1) that the I.E.C.'s August 1, 1966 trial of the charges against the individual plaintiffs was an illegal usurpation of power which had deprived plaintiffs of the right, guaranteed by Article XXX of the International's constitution, to be tried before the Trial Committee of the Local Union Executive Board, and (2) that the International's suspension of Local 2's charter was also illegal. A decree was entered ordering that the plaintiffs be restored to membership in the International. MacDonald v. Carr, No. 86562 Eq. (Super.Ct. Suffolk County, Mass., August 7, 1967). The plaintiffs in that action (defendants here) appealed.

(10) During the pendency of the appeal Local 2 held its annual elections on November 22, 1968, at which time each of the six individual plaintiffs was elected to represent the local at the 1969 International convention, and the individual plaintiffs Sprague and Coughlin were elected President and Vice President, respectively. Those officers and delegates assumed office in December, 1968. No protest of that election has ever been

9. See opinion of Smith, J., in MacDonald v. Carr, No. 86562 Eq. (Suffolk Superior Court, August 7, 1967) ; see also paragraph 6 of plaintiff's bill of complaint therein. Judge Smith found that Sprague "[a]s the virtual leader", began the organizational campaign ; that Sprague addressed a meeting of a local in Rhode Island ; that at a joint meeting in Boston of Local 2's executive board and all shop stewards in the Metropolitan Boston area it was agreed that Local 2 "go on record as being in favor of supporting a Teamster organizational drive"; and that the executive board's recommendation was later affirmed by a large majority of 1500 union members assembled at a meeting in the Hotel Bradford at Boston. All of these events preceded the filing of the charges.

10. Complaint, par. 5; Answer, par. 5.

11. Prayer in Judge Smith's case; Mass. Adv.Sh. (1969) 17, 243 N.E.2d 808.

12. Judge Smith's opinion, pp. 6–7.

13. Mass.Adv.Sh. (1969) 18, 243 N.E.2d 808; State court record, pp. 11–14.

14. See face of transcript in State court trial.

filed with the Secretary of Labor pursuant to 29 U.S.C. § 482 by any member of Local 2 or of the International.

(11) On January 3, 1969, the Supreme Judicial Court reversed the Massachusetts Superior Court and ordered the case dismissed on the ground that once Local 2 had held its elections on January 27, 1967, the State Superior Court had ceased to have jurisdiction over the subject matter of the complaint. The court relied upon section 403 of the Act, 29 U.S.C. § 483, which provides that the statutory procedure by which union members may appeal union elections to the Secretary of Labor, 29 U.S.C. § 482, is an exclusive remedy. MacDonald v. Carr, Mass.Adv.Sh. (1969) 17, 243 N. E.2d 808.

(12) On June 11, 1969, following the institution of the instant action and the filing of the present motion for preliminary injunction, the I.E.C. voted to reinstate the individual plaintiffs as members in good standing effective June 16, 1969. The resolution specifically stated, however, that it was "not intended to supersede or conflict with the International Constitution." [15] Article 3, section 9 of the constitution of the International provides that no member shall be elected a delegate unless he shall have been a member in continuous good standing in his local union at least twenty-four months immediately preceding the convention. Article 26, section 3, of the constitution requires that local union officers have been members in good standing in their local union for one year (and for the highest offices two years) prior to nomination.

(13) The biennial conventions of the International elect the fifteen officers of the International who also comprise the I.E.C., which is empowered with the general direction, control and management of all the property and business of the International when the International convention is not in session. [16]

The present motion does not require the Court to decide the merits of the basic dispute at this time. The only question presently before the Court is whether the plaintiffs are entitled to a preliminary injunction which would permit the individual plaintiffs to attend the 1969 International convention with full rights as delegates. The convention is scheduled to be held on Monday, June 23, 1969, as stated above.

This Court held in Cuneo Press of New England, Inc. v. Watson, 1968, 293 F. Supp. 112, 115, that

"[a]s a prerequisite to the issuance of a preliminary injunction the plaintiffs must show that they will suffer 'certain and irreparable' injury if relief is not granted, and that there is a reasonable probability that they will ultimately prevail in the litigation. [Citations omitted.]"

On all the facts presently available to the Court, and also in view of Judge Smith's opinion upholding plaintiff's claims on the merits, [17] I find it more probable than not that plaintiffs will ultimately prevail on the merits in this action. [18]

I also find that if the three individual plaintiffs, Sprague, Coughlin and Lester, are not permitted to attend the convention with full rights as delegates, the individual members of Local 2 will suffer certain and irreparable injury in being denied representation by their freely elected representatives. Defendants' suggestion that the rights of the individual members will be served equally

15. Supplementary affidavit of John Carr, p. 1.

16. International constitution, Articles 3, 4 and 8.

17. The Supreme Judicial Court, in reversing the Superior Court decree, expressly stated that it was in no way ruling upon the merits of the controversy.

18. This conclusion is also based in part upon plaintiffs' claim that their suspension was void because they were not permitted to cross-examine witnesses who testified at the August 1, 1966 trial before the I.E.C. Judge Caffrey held such a denial of the right to cross-examine fatal in the earlier case involving suspension of the local's charter.

well if alternate delegates are seated [19] ignores one of the most basic premises of union democracy, representation by *freely chosen* delegates. In comparison to the degree and certainty of the injury which the plaintiffs stand to suffer, there is no evidence before the Court tending to prove what injury, if any, would be suffered by the defendants if the three individual plaintiffs are permitted to attend the convention as delegates.

There is no merit in defendants' argument that the plaintiffs have slept on their rights. There was no occasion for the plaintiffs to have instituted this action prior to January 3, 1969, in view of the Superior Court's then-outstanding order in their favor. One might with greater merit inquire why defendants, who are members of the union, have not during this period exercised their right, reiterated by the Supreme Judicial Court, to appeal plaintiffs' election by Local 2 to the Secretary of Labor.

For the foregoing reasons, plaintiffs' motion for a preliminary injunction is granted. It is hereby *ordered* that the defendants, their agents, servants, employees, attorneys and all parties in active concert and participation with them are enjoined, pending the determination of this action, from refusing to recognize plaintiffs Sprague, Coughlin and Lester as delegates from Local 2 to the 1969 convention of International, and from refusing to accord to them all rights to which duly elected delegates are entitled; *Provided,* that the plaintiffs first give security in the sum of One Thousand Dollars ($1,000) for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined, such bond to be approved by the Court or by the Clerk no later than June 20, 1969.

19. Counsel for both sides agreed at the hearing that, were this Court to deny the present motion, Local 2 would be able to send in place of the three named individuals (who were also the three leading vote-getters in the election of delegates) the next three candidates in terms of total number of votes received who did not originally win election as delegates.