Lenhoff, J.
This is an action brought against the Defendant Bureau and its Vice President, as fairly representative of all members of said Defendant Bureau. The Plaintiff s complaint seeks recovery of $537.50 and/or treble damages and reasonable attorneys’ fees pursuant to G.L. c. 93A, claiming both a violation of said c. 93A and c. 176D.
The aforesaid action is based on the following factual background:—
On February 21, 1980, the Plaintiff, then a minor having been born August 9, 1963, was a pedestrian at or near the intersection of Aetna and Mendon Streets, public highways in Worcester, Massachusetts. On said date, a motor vehicle struck the Plaintiff and greatly injured him causing bills for medicine, medical attendance and hospital treatment to be incurred. The motor vehicle liability insurance covering said motor vehicle had been effectively cancelled prior to the date of said accident.
On October 9, 1982, a letter was forwarded to the Defendant Bureau by the *330 Plaintiff or one in his behalf, applying for personal injury protective benefits as provided by the provisions of G.L. c. 90, § 34N.[4] The application, thus submitted, was returned to the Plaintiff on October 14, 1982 together with a statement that the said Plaintiff did not meet the eligibility requirements of the Assigned Claims Plan: namely, that the claim was not filed with the Defendant Bureau within two years of the accident as set forth in G.L. c. 90, § 34M.[5]
On October 18, 1982, the Defendant Bureau was advised that the Plaintiff reached majority on August 9, 1982, and, in accordance with G.L.c. 260, § 7 which extends the time to institute action by one whose disability of minority is removed to a period of time elapsing thereafter equal to the limitation restriction provided by statute, the cited two year limitation was not applicable to prevent or bar benefits to the Plaintiff. In consequence of said contention, the application for benefits was resubmitted.
On October 29, 1982, said Defendant Bureau responded to the resubmission stating that G.L.c. 260, § 7 was inapplicable: and, again, it declined to assign the claim to one of its insurer members.
On November 8, 1982, the Plaintiff sent a demand letter to the Defendant Bureau. After thirty days passed with no offer of settlement from the Defendant Bureau, in accordance with G.L.c. 93A, action was instituted.
After hearing, the Trial Court found for the Defendant, holding that the claim for benefits was not timely filed as required by law; that G.L. c. 260, § 7 did not apply to the filing of an application for benefits: that G.L.c. 93A was not controlling, or, if it was, there wasn’t any unfair or deceptive act violative of the statute; and, that G.L. c. 176D was not here applicable
The Plaintiff seasonably filed two requests for rulings of law that the Trial Court allowed. The Plaintiff, however, claims to be aggrieved by the findings of fact as applied to said rulings. By reason thereof, the Plaintiff seeks a determination of his grievance by this Court.
The Plaintiff s grievance is based on what he asserts is an inconsistency between the Trial Court’s findings of fact, and the granted requests for rulings of law. When such claim is made, the appropriate remedy in such event is not to report the matter to the Appellate Division, but to either file a motion to correct an inconsistency or a motion for a new trial. Cook v. Kozlowski, 351 Mass. 697 (1967); Viera v. Balsamo, 328 Mass. 37, 39 (1951). Since the Plaintiff did not *331 pursue one or the other of the above indicated permissible courses of action, the question of inconsistency is not now open. Raytheon Mfg. Co. v. Indemnity Insurance Co., 333 Mass. 746, 749 (1956).
The foregoing would hold true had we adhered to our usual practice. Notwithstanding the usual or normal result in a like situation, we here take the liberty to proceed to state our views due to the special facts herein that merit discussion.
We uphold the Trial Court’s judgment for the Defendant, but assign different grounds therefor.
Though the question of jurisdiction in the District Court Department had not been raised by either party, it is our duty to note, sua sponte, the lack of jurisdiction in this department. Juozapailis’s Case, 340 Mass. 188, 190 (1959); Commr. of Corp. & Taxation v. Chilton Club, 318 Mass. 285, 287 (1945). We possess both the power and obligation “to resolve problems of subject matter jurisdiction whenever they become apparent..." See The Nature Church v. Board of Assessors of Belchertown, 1981 Mass. Adv. Sh. 2318; MacDonald v. Carr, 355 Mass. 120, 122 (1969).
The real remedy to cause the Defendant Bureau to act affirmatively on the filed application of the Plaintiff is not available in the District Court Department. In order for the Plaintiff to have the Defendant Bureau honor its claim and cause it to assign an insurer to process and pay same, appropriate proceedings must be taken to review the actions of the Defendant Bureau. G.L. c. 90, § 34N contains no verbiage where relief may be sought and possibly obtained. Though the statute provides for the Commissioner of Insurance to approve the rules and regulations of the created assigned claims plan plus the assessment of costs to administer it, there is no language therein showing that he possesses direct powers over the administration and operation thereof. This signifies that there are no administrative means to be exhausted before resorting to the courts for relief. As the District Court Department has no power or authority to order a statutorily created bureau to comply with its declared judgments, one must proceed in a department of the Trial Court where requisite jurisdiction is present. It appears that a complaint in the nature of certiorari is the legal vehicle to employ to correct an error of law committed by a quasi-judicial tribunal, [Johnson Products, Inc. v. City Council of Medford. 353 Mass. 540, 541 (1968)] or, one could consider a petition for declaratory relief as perG.L. c.231 A. Either or both would be in order at the Superior Court Department. The District Court Department has no jurisdiction to enforce any judgment. SeeG.L. c. 218,8 19C which limits and restricts its equity powers to matters other than here involved or concerned.
Therefore, the ground on which we hold for the Defendants is lack of jurisdiction.
In passing, had the District Court possessed jurisdiction, we would concur totally with the Trial Court with one additional comment mentioned. Said comment being to point out that one attains majority for motor vehicle liability insurance purposes in this Commonwealth, at age sixteen. See G.L. c. 175, § 113K.[6] Further, as G.L. c. 90, § 34N gives the individual contract rights and the Plaintiff herein attained age sixteen on August 9, 1979, more than five months before he sustained injury in the February 21, 1980 accident, he filed his claim *332 too late.
In view of the above, discussion of G. L. c. 93A and 176D is not necessary.
In conclusion, judgment by the Trial Court having been correctly rendered for the Defendant, this report be and is hereby dismissed.

 Insurers authorized to provide personal injury protection in this Commonwealth are hereby directed to organize and maintain an assigned claims plan to provide that any person resident in the commonwealth, other than the owner or registrant of a motor vehicle not insured by a policy or bond providing personal injury protection or a member of such owner or registrant's household, who suffers loss or expense as a result of an injury arising out of the ownership, operation, maintenance or use ofa motor vehicle while the motor vehicle is upon the ways of the Commonwealth or in any place therein to which the public has a right of access, may obtain personal injury protection benefits through said plan in any case where no personal injury protection benefits are otherwise available to such a person provided that the following shall not be entitled to such benefits:
(1) a person entitled to payments or benefits under the provisions of chapter one hundred and fifty-two, or
(2) a person who is subject to exclusion from personal injury protection benefits by insurers under section thirty-four A of this chapter.
Said plan shall contain such rules and regulations for operation and for the assessment of costs as shall be approved by the commissioner of insurance. Any claim brought through said plan shall be assigned to an insurer in accordance with the approved regulations of operation and that insurer, after such assignment, shall have the same rights and obligations it would have if prior to such assignment it had issued a policy providing personal injury protection applicable to the loss or expenses incurred. Any party accepting such benefits hereunder shall have such rights and obligations as he would have were a policy providing personal injury protection benefits issued to him.

 Claim for benefits due under the provisions of personal injury protection or from the insurer assigned shall be presented to the company providing such benefits as soon as practicable after the accident occurs from which such claim arises, and in every case, within at least two years from date of accident.

 Any minor sixteen years of age or over shall be deemed competent to contract for a motor vehicle liability policy or bond, both as defined in section thirty-four A of chapter ninety, or for a policy of motor vehicle liability insurance issued pursuant to the requirements of section one hundred and thirteen H, to the same extent and to the same effect as though he had attained his full age.