**W. Willard WIRTZ, Secretary of Labor, Plaintiff,**

v.

**LOCAL UNION NO. 1377, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS (IBEW), Defendant.**

**No. C 66-1.**

United States District Court
N. D. Ohio, E. D.
April 2, 1968.

Charles Donahue, Solicitor, Jacob I. Karro, Washington, D. C., A. A. Caghan, Cleveland, Ohio, John W. Douglas, Asst. Atty. Gen., Harland F. Leathers, Atty., Dept. of Justice, Robert J. Rotatori, Asst. U. S. Atty., for plaintiff.

Arlene B. Steuer, Cozza & Steuer, Cleveland, Ohio, for defendant.

MEMORANDUM OPINION
AND ORDER

LAMBROS, Judge.

STATEMENT OF FACTS

On June 26, 1965, defendant union conducted an election of officers.

The proposed intervenor, Eugene A. McCabe, Jr., (hereinafter referred to as McCabe), who was denied the right to run for the office of business manager in defendant union, invoked all the available remedies under the bylaws in the constitution of defendant union without receiving a final decision within three calendar months.

On October 8, 1965, McCabe filed a complaint with the Secretary of Labor, the plaintiff herein, alleging violations of Section 401 (29 U.S.C. § 481) of the Labor-Management Reporting and Disclosure Act of 1959 (hereinafter referred to as the Act) in the conduct of defendant union's election of officers held on June 26, 1965.

The plaintiff investigated pursuant to Title IV of the Act and found probable cause to believe that defendant was de-

nied the right to be a candidate and to hold office, although a member in good standing, contrary to Section 401(e) (29 U.S.C. § 481(e) of the Act). On January 3, 1966, plaintiff commenced this action to have the June 26, 1965, election set aside and to require a re-run election. On July 12, 1967, a stipulation between the parties was signed by the Court as an order. It was agreed that defendant union would hold a new nomination of candidates and conduct a new election for elective officers of the defendant under supervision of the plaintiff, pursuant to Section 402(c) of the Act (29 U.S.C. § 482[c]).

On October 16, 1967, new nominations were taken and on November 18, 1967, a new election was conducted of elective officers of defendant under the supervision of the plaintiff.

McCabe has filed a protest with the Department of Labor which is presently reviewing the conduct of the re-run election and nomination in order to make a determination whether the results of the November 18, 1967, election shall be certified to the Court, as provided by Section 402(c) of the Act (29 U.S.C. § 482[c]).

On December 11, 1967, McCabe filed a motion to intervene as a plaintiff in this lawsuit. This motion is now before the Court under Rule 24(a) of the Federal Rules of Civil Procedure.

## MEMORANDUM AND ORDER

■ McCabe has a right to intervene if he can satisfy either of the two requirements of Rule 24(a) of the Federal Rules of Civil Procedure. Rule 24(a) reads as follows:

"Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

This action was brought by the Secretary of Labor under Title IV of the Act relating to the improper conduct of union elections. Under the statutory scheme therein, the individual member who claims that he is aggrieved by improper conduct of a union election files a complaint with the Secretary of Labor who then investigates the complaint. If he finds probable cause that a violation of the statute has occurred, the Secretary of Labor brings an action in the United States District Court. This procedure, which was followed in this case, allows only the Secretary of Labor to bring an action in the District Court. Under the statutory language itself and under the case law, an individual union member has no standing in court to challenge union election proceedings. "* * * The remedy provided by this title for challenging an election already conducted shall be exclusive." Section 403 of the Act (29 U.S.C. § 483). Calhoon v. Harvey, 379 U.S. 134, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964). Johnson v. San Diego Waiters and Bartenders Union, D. C., 190 F.Supp. 444.

■ It is, therefore, clear under Rule 24(a) (1) that far from conferring to McCabe an unconditional right to intervene, Title IV confers to the Secretary of Labor the exclusive right to bring actions enforcing Title IV rights, and McCabe's motion to intervene must fall on this ground. Stein v. Wirtz, 366 F. 2d 188, 189 (10th Cir. 1966); Mamula v. United Steelworkers of America, 304 F.2d 108 (3d Cir. 1962).

Furthermore, conceding that McCabe's interests are vitally affected by the conduct of this litigation, he has not demonstrated that the Secretary of Labor is not adequately representing his interests under Rule 24(a) (2). Even if McCabe could somehow prove that the Secretary of Labor is not doing an adequate job, his motion would still be insufficient under the language of the *Stein* case.

"Although appellant's subjective dissatisfaction with the Secretary's prosecution of this action is completely understandable, yet we are constrained to agree that the District Court was without jurisdiction to permit his intervention in a Title IV action. The Act confers upon the Secretary of Labor the *exclusive right to bring civil actions against labor organizations for violations of members' rights* in union elections and election procedures. 29 U.S.C. §§ 482(b), 483; Calhoon v. Harvey, 379 U.S. 134, 85 S.Ct. 292, 13 L.Ed.2d 190. There being no way for appellant to prosecute this type of action by original suit, he cannot be permitted to do so by intervention, for Rule 24(a) (2) cannot be construed to extend federal jurisdiction. Fed.R. Civ.P. 82; Bantel v. McGrath, 10 Cir., 215 F.2d 297." Stein v. Wirtz, supra, p. 189.

McCabe has not met either of the two tests under Rule 24(a) and, therefore, his motion to intervene must fail.

It is so ordered.