**W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Plaintiff-Appellee,**

v.

**NATIONAL MARITIME UNION OF AMERICA, Defendant-Appellee.**

**James M. Morrissey, Appellant.**

**No. 493, Docket 33165.**

United States Court of Appeals Second Circuit.

Argued April 11, 1969.

Decided April 23, 1969.

Daniel Donnelly, Kreindler & Kreindler, New York City, for appellant.

Charles Sovel, Abraham E. Freedman, New York City, for appellee National Maritime Union.

Michael D. Hess, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, Patricia M. Hynes, Asst. U. S. Atty., of counsel), for appellee Wirtz.

Before FRIENDLY, KAUFMAN and HAYS, Circuit Judges.

HAYS, Circuit Judge:

In this action, instituted by the Secretary of Labor on the complaint of appellant and three other members of the National Maritime Union, pursuant to Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481–483 (1964), the district court set aside the union's 1966 election of officers and directed the conduct of a new election under the supervision of the Secretary. 284 F.Supp. 47 (S.D.N.Y.), aff'd, 399 F.2d 544 (2d Cir. 1968). Appellant moved to overrule the Secretary with respect to certain rules that he formulated to govern the election. The district court denied the motion on the ground that appellant lacked standing to bring an action under Title IV of the LMRDA. We affirm.

In Calhoon v. Harvey, 379 U.S. 134, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964), the Supreme Court held that the exclusive right to file a suit challenging a union election because of violations of Title IV of the LMRDA rests with the Secretary of Labor.

"Section 402 of Title IV * * * sets up an exclusive method for protecting Title IV rights, by permitting an individual member to file a complaint with the Secretary of Labor challenging the validity of any election because of violations of Title IV. Upon complaint the Secretary investigates and if he finds probable cause to believe that Title IV has been violated, he may file suit in the appropriate district court. It is apparent that Congress decided to utilize the special knowledge and discretion of the Secretary of Labor in order best to serve the public interest. * * * In so doing Congress, with one exception not here relevant, decided not to permit individuals to block or delay union elections by filing federal-court suits for violations of Title IV." 379 U.S. at 140, 85 S.Ct. at 296 (footnote omitted).

Thus when appellant challenged the 1966 election he filed a complaint with the Secretary; it was the Secretary who brought the suit that resulted in the election's being set aside.

The fact that here appellant's motion dealt with a second election does not justify a different result. The considerations, including the possibility of delay, on the basis of which Congress prohibited suits by individual union members are substantially the same for the second election as for the first.

Appellant contends that Rule 71 of the Federal Rules of Civil Procedure confers standing upon him, as one of the four union members on whose complaint the Secretary was acting when he filed suit against the union, to bring this motion to enforce the order of the district court. The short answer to appellant's contention is that the district court's order did not deal with the issues raised in the motion here on appeal, and thus the motion is not one to enforce a prior order of the district court.

Affirmed.