**538**

George P. SHULTZ, Secretary of Labor,
United States Department of Labor,
Plaintiff,

v.

UNITED STEELWORKERS OF AMER-
ICA, AFL–CIO–CLC (District 19),
Defendant.

Civ. A. No. 69–919.

United States District Court,
W. D. Pennsylvania.

April 9, 1970.

See also D.C., 312 F.Supp. 1044.

Louis Weiner, Regional Sol., U. S.
Dept. of Labor, Philadelphia, Pa., and
Richard L. Thornburgh, U. S. Atty., by
Thomas A. Daley, Asst. U. S. Atty.,
Pittsburgh, Pa., for plaintiff.

Michael H. Gottesman, Washington,
D. C., and Carl B. Frankel and A. E.
Lawson, Pittsburgh, Pa., for defendant.

John W. McIlvaine, Tarentum, Pa.,
and Paul A. Simmons, Monongahela, Pa.,
for William J. Hart, Intervenor.

## MEMORANDUM AND ORDER

MARSH, Chief Judge.

This is an action under Title IV of
the Labor-Management Reporting and
Disclosure Act of 1959, 29 U.S.C. § 482,
to declare void the February 11, 1969
election of the District Director of Unit-
ed Steelworkers of America District 19.
The applicant, William J. Hart, was
elected in that district election, and has
filed a motion to intervene as a defend-
ant, individually and in his official ca-
pacity of Director. We think the ap-
plicant should be permitted to intervene
only as an individual to protect his
personal interests.

Rule 24(a), Fed.R.Civ.P., provides:

"Upon timely application anyone
shall be permitted to intervene in an
action: (1) when a statute of the
United States confers an uncondition-
al right to intervene; or (2) when the
applicant claims an interest relating
to the property or transaction which
is the subject of the action and he is
so situated that the disposition of the
action may as a practical matter im-
pair or impede his ability to protect
that interest, unless the applicant's
interest is adequately represented by
existing parties."

It is not disputed that the applicant has a substantial property interest in the outcome of the case. If plaintiff is successful and the election is nullified, Hart will lose his salary and certain fringe benefits to which, as District Director, he is currently entitled.

The cases cited by plaintiff for the proposition that a complaining union member may not intervene as a plaintiff[1] are distinguishable from the present case. The statutory scheme envisages the Secretary as the only person capable of prosecuting a Title IV action so that interference with union elections and management might be kept at a minimum. Calhoon v. Harvey, 379 U.S. 134, 140, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964). This scheme would not necessarily be upset by allowing an interested incumbent to intervene as a defendant. *Cf.* Wirtz v. Teamsters Industrial & Allied Emp. U. Local No. 73, 257 F.Supp 784, 790 (N.D.Ohio 1966).

The defendant in this action is the United Steelworkers of America and not District 19 of the United Steelworkers of America. Although Hart has not pointed to any particular area in which his interests would not be protected by the defendant labor organization,[2] it is obvious that the interests of the applicant, whose election is challenged, may not be identical with the interests of the defendant organization. The applicant is so situated that disposition of the action may as a practical matter impair or impede his ability to protect his property interests, and it is quite possible that the defendant organization as an entity may not adequately represent the property interests of the applicant as an individual.

An appropriate order will be entered.

1. Wirtz v. National Maritime Union of America, 409 F.2d 1340 (2d Cir. 1969); Stein v. Wirtz, 366 F.2d 188 (10th Cir. 1966); Wirtz v. Local Unions 410, 410A, 410B & 410C, Int. U. of Op. Eng., 366 F.2d 438 (2d Cir. 1966); Wirtz v. Local Union No. 1377, Int. Bro. of Elec. Workers, 288 F.Supp. 914 (N.D.Ohio 1968).

2. The averments contained in ¶ 3 of the motion are without substance. The interests of other Union officials are not in jeopardy.