**James M. MORRISSEY, individually and on behalf of all other members of the National Maritime Union of America, Plaintiff,**

v.

**George P. SHULTZ, Secretary of Labor, United States Department of Labor, Defendant.**

**No. 69 Civ. 3049.**

United States District Court, S. D. New York. April 21, 1970.

Daniel Donnelly, New York City, for plaintiff.

Robert M. Morgenthau, U. S. Atty., Southern District of New York, for defendant; Michael D. Hess, Asst. U. S. Atty., of counsel.

WYATT, District Judge.

This is a motion by defendant for an order dismissing the action for want of jurisdiction of the subject matter and for failure of the complaint to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b). Affidavits were submitted in support of and in opposition to the motion. The motion must be granted.

Plaintiff is a member of the National Maritime Union (NMU). Defendant is the Secretary of Labor.

Plaintiff was a candidate for National Secretary-Treasurer in a NMU election held April 1–May 1, 1966; he was defeated.

Plaintiff and three other NMU members protested the election within the union and then filed a complaint with the Secretary (29 U.S.C. § 482(a)).

The Secretary, after investigation, brought an action in this Court (66 Civ. 4519) to set aside the 1966 election (29 U.S.C. § 482(b)). After trial, Judge Motley set aside that election and directed the Secretary to conduct a new election. 284 F.Supp. 47. The Court of Appeals affirmed on July 29, 1968. 399 F.2d 544.

The Secretary then formulated certain rules to govern the conduct of the new election. Plaintiff moved in this Court to overrule the Secretary with respect to certain of these rules. Judge Motley denied the motion on November 1, 1968 (59 LC ¶ 13,053).

The election under the Secretary's supervision took place January 2–February 28, 1969.

Under date of March 25, 1969, plaintiff filed with the Secretary a complaint alleging 14 specific violations of law in the conduct of the 1969 election.

The Court of Appeals affirmed on April 23, 1969 (409 F.2d 1340) the order of Judge Motley denying the motion of plaintiff to overrule the Secretary as to certain of his rules. The affirmance was on the ground that an individual union member has no standing to bring an action to set aside an election; only the Secretary may do so.

The Secretary certified to this Court the names of the persons elected and on July 15, 1969 moved before Judge Motley for a decree (29 U.S.C. § 482(c)).

On the same day, plaintiff commenced this action.

The complaint avers that in the 1969 election there were specific violations of law. These violations are precisely those concerning which plaintiff had filed his March 25, 1969 complaint with the Secretary, except that the violation averred in paragraph NINTH (*o*) does not appear to have been the subject of complaint to the Secretary. Plaintiff avers, however, that all were the subject of such complaint. It is further averred that the Secretary investigated and found no probable cause to believe that any violations of law occurred which may have affected the outcome of the supervised election (29 U.S.C. § 482(b)). It is averred that this finding is "arbitrary, capricious, an abuse of discretion * * *".

The relief sought in the action is a direction to the Secretary to bring an action to set aside the 1969 supervised election and to enjoin the certification of the results of the 1969 supervised election.

The Secretary's motion for a decree was heard by Judge Motley on July 15, 1969 and at the same time she heard an application in this action by plaintiff for an order to show cause why a preliminary injunction should not issue restraining the Secretary from certifying the 1969 election results.

The papers before Judge Motley included a lengthy report by a subordinate of the Secretary showing the conduct of the election and including the March 25, 1969 complaint of plaintiff, the investigation of each specific item, and what the investigation showed.

Judge Motley declined to sign an order to show cause in this action and denied an application by plaintiff for a temporary restraining order because plaintiff "failed to show any irreparable injury".

Judge Motley at the same time entered a judgment that the persons named in the Secretary's certificate were the duly elected officers of NMU until 1973.

It seems clear that no such action as this will lie.

Where the election is one to which 29 U.S.C. § 481 is applicable and where the union has itself conducted the election without any supervision by the Secretary, then the procedure for enforcing Section 481 is provided in 29 U.S.C. § 482. Only the Secretary can bring an action to set aside the election, which he must do if "he finds probable cause to believe that a violation * * * has occurred * * *". 29 U.S.C. § 482.

■ If the Secretary finds no probable cause to believe that a violation has occurred, it has been held that his finding is not subject to judicial review. Katrinic v. Wirtz, 53 LC ¶ 11,289 (D.D.C.1966); McArthy v. Wirtz, 55 LC ¶ 11,944 (E.D.Mo.1967)

Where the Secretary has found probable cause to believe that violation has occurred but has declined to bring an action because he could not also find that the violation "may have affected the outcome of an election" (29 U.S.C. § 482(c)), there are two decisions that the decision of the Secretary is subject to judicial review. Schonfeld v. Wirtz, 258 F.Supp. 705 (S.D.N.Y.1966; McLean, J.); DeVito v. Shultz, 300 F. Supp. 381 (D.D.C.1969)

Whatever may be their virtues or defects, the cited decisions are inapplicable here.

The theory of the case at bar is that an election directed by the Court under 29 U.S.C. § 482(c) and held "under supervision of the Secretary" is subject to the same complaint procedures of 29 U.S.C. § 482(a) and (b) as an ordinary union election. This cannot be true.

■ In the case at bar, the challenged election was held after trial of an action brought by the Secretary. The Court directed the election. The Secretary supervised the election and reported to Judge Motley what was done, including his investigation of the specific complaints made in the case at bar. Judge Motley has entered a judgment "declaring" the "persons" who have been elect-

ed "officers of the labor organization". 29 U.S.C. § 482(c).

Congress certainly could not have meant that a judgment rendered under 29 U.S.C. § 482(c) after a trial on the merits could be reviewed in a separate action by a union member against the Secretary.

The motion is granted. The Clerk is directed to enter judgment for defendant dismissing the action for lack of jurisdiction over the subject matter.

So ordered.