George D. HODGSON, Secretary of Labor, United States Department of Labor

v.

CARPENTERS RESILIENT FLOORING LOCAL UNION NO. 2212, United Brotherhood of Carpenters and Joiners of America, AFL–CIO.

Appeal of George R. McFADDEN, Applicant for Intervention as a Defendant.

No. 19507.

United States Court of Appeals, Third Circuit.

Argued Dec. 2, 1971.

Decided March 27, 1972.

John A. Craner, Craner & Brennan, Elizabeth, N. J., for appellant.

Laurel J. McKee, U. S. Dept. of Labor, New York City, for appellee.

Before SEITZ, Chief Judge, and KALODNER and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

Appellant McFadden appeals from the denial of his motion to intervene as a defendant in an action brought by the Secretary of Labor under Title IV of the Labor-Management Reporting and Disclosure Act of 1959. 29 U.S.C. § 401 et seq. (1971). The Secretary filed suit on December 5, 1969 to set aside the June 1968 election of three officers of the defendant Carpenters Resilient Flooring Local Union No. 2212, including the election of McFadden as Business Manager of the Local. The Secretary and the Local on August 7, 1970 settled the suit by a stipulation that the Local would conduct nominations and elections for the offices of President and Business Manager under the supervision of the Secretary as provided for in § 402 of the Act, 29 U.S.C. § 482(c) and in accordance with the Local's by-laws and the constitution of the International Brotherhood of Carpenters and Joiners. The stipulation provided that the action would be maintained on the docket of the district court pending the completion of the election, after which the Secretary would certify to the court that certain individuals had been elected and that the election had been conducted in accordance with the provisions of the Act, the by-laws of the Local and the constitution of the United Brotherhood. It provided, further, that upon approval of the certification the court would be requested to enter an order declaring the persons certified to have been elected and dismissing the action without costs.

The supervised election was held on October 17, 1970. McFadden was an unsuccessful candidate for Business Manager. Thomas Sullivan, the incumbent President, was also defeated. On November 12, 1970, prior to the filing of any certification by the Secretary, a representative of the United Brotherhood purported to install the newly elected officers. On November 12, 1970 McFadden moved to have this action restrained and on November 16, 1970 the district court on its own motion entered an order setting aside the induction and restoring McFadden and Sullivan to office until its further order. By entering this order on its own motion the district court avoided deciding whether McFadden had standing in the suit, but effectively enforced compliance with the terms of the stipulation.

On November 16, 1970 the Secretary filed a notice of motion for the entry of judgment in accordance with the August 8 stipulation. In support of that motion it filed a certification of election, dated October 28, 1970, certifying that William Devins had been elected Business Manager and William Summer President of the Local.

McFadden had, shortly after the October 17, 1970 supervised election, called to the Secretary's attention certain alleged irregularities in the election, including charges of ineligible nominees, ineligible voters, and coercive activities by contractors. On November 20, 1970 McFadden filed a notice of motion to intervene as a party defendant pursuant to Fed.R.Civ.P. 24. The motion was made alternatively to intervene as of right, Rule 24(a), or by leave of court, Rule 24(b). He filed affidavits setting forth allegations of irregularity which were called to the Secretary's attention. The Secretary represented to the court that an investigation of these complaints was

conducted and that they either were unsupported or would not have affected the outcome of the election. That representation was made in the affidavit of Thomas Gilmartin, an Area Administrator in the Labor Management Services Administration of the Department of Labor, filed in opposition to the motion to intervene.

Thus the district court had before it McFadden's motion to intervene as a defendant and the Secretary's motion to enter judgment declaring McFadden's opponent elected Business Manager. McFadden and Sullivan, the defeated candidates, were still nominally Business Manager and President of the Local. The attorney for the Union, however, advised that because of the inherent conflict of interest it could not take a position with respect to either motion but must remain neutral. Thus the only defendant in the case declined to take any position as to whether or not the election had been conducted in accordance with the Act, the by laws of the Local, and the constitution of the United Brotherhood. On December 2, 1970 the district court heard argument on both motions and without taking testimony denied McFadden's motion to intervene and granted the Secretary's motion to enter judgment. McFadden's appeal followed.

The Secretary takes the following not necessarily consistent positions:

1. An unsuccessful candidate in a supervised election may not intervene as a defendant in opposition to the Secretary's motion for entry of judgment on his certification pursuant to 29 U.S.C. § 482(c), because the federal courts lack jurisdiction to consider the contentions of any one other than the Secretary and the defendant labor union in litigation over union elections.

2. If the federal court has jurisdiction to hear the contentions of an unsuccessful candidate in a supervised election, it should nevertheless deny intervention because the Secretary and the defendant union will always, between them, adequately represent the interest of the applicant for intervention.

3. Even if there are some instances where intervention might be permitted, the district court's factual finding that the Secretary's determination was properly made is not clearly erroneous.

An appreciation of these contentions requires an understanding of the scheme of Title IV of the Labor Management Reporting and Disclosure Act of 1959. Under that statute union members who, after exhausting remedies available within the union, still feel aggrieved by the outcome of an election may file a complaint with the Secretary of Labor. The Secretary is authorized to file suit in the district court when after an investigation he finds probable cause to believe the election was not conducted in compliance with the Act. Section 402 (b), 29 U.S.C. § 482(b). If the court finds "upon a preponderance of the evidence after a trial upon the merits" that a violation has occurred which "may have affected the outcome of an election," it "shall declare the election, if any, to be void and direct the conduct of a new election under supervision of the Secretary and, so far as lawful and practicable, in conformity with the constitution and bylaws of the labor organization." § 402(c), 29 U.S.C. § 482(c).

The statutory scheme of § 402 must be read in the light of § 403, 29 U.S.C. § 483, which provides:

"No labor organization shall be required by law to conduct elections of officers with greater frequency or in a different form or manner than is required by its own constitution or bylaws, except as otherwise provided by this subchapter. Existing rights and remedies to enforce the constitution and bylaws of a labor organization with respect to elections prior to the conduct thereof shall not be affected by the provisions of this subchapter. The remedy provided by this subchapter for challenging an election already conducted shall be exclusive."

It is quite clear that Congress intended by § 403 to make the § 402 remedy of a suit by the Secretary the exclusive post election remedy, and thus to preempt remedies such as bills in equity or actions in the nature of quo warranto which had existed under state law. MacDonald v. Carr, 355 Mass. 120, 243 N.E. 2d 808 (1969). The Senate Report on the section of the bill which eventually became § 403 states:

> "Section 203 [sic] [29 U.S.C. § 483] of the bill specifically preserves rights and remedies which union members have under existing law to insure compliance with provisions of a union's constitution and bylaws relating to elections prior to the conduct of an election. However, since the bill provides an effective and expeditious remedy for overthrowing an improperly held election and holding a new election, the Federal remedy is made the sole remedy and private litigation would be precluded." 2 U. S. Code Cong. & Admin. News 1959 (86th Cong. 1st Sess.) p. 2338.

After enactment of the Labor-Management Reporting and Disclosure Act of 1959 attempts were made to find a private post election remedy in Title I of the Act, which enumerates certain rights of union members. *Compare* Mamula v. United Steelworkers of America, 304 F.2d 108 (3d Cir. 1962) with Harvey v. Calhoon, 324 F.2d 486 (2d Cir. 1963), rev'd Calhoon v. Harvey, 379 U.S. 134, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964). When Harvey v. Calhoon reached the Supreme Court it rejected the contention that Title I of the Act afforded a private election remedy. The Court said:

> "Section 402 [29 U.S.C. § 482] of Title IV [the election provisions of the Act] . . . sets up an exclusive method for protecting Title IV rights, by permitting an individual member to file a complaint with the Secretary of Labor challenging the validity of any election because of violations of Title IV. . . . It is apparent that Congress decided to utilize the special knowledge and discretion of the Secretary of Labor in order best to serve the public interest. . . . In so doing Congress, with one exception not here relevant, [involving pre-election grievances] decided not to permit individuals to block or delay union elections by filing federal-court suits for violations of Title IV." 379 U.S. at 140, 85 S.Ct. at 296.

Calhoon v. Harvey does not decide who may be a party to a suit by the Secretary. But § 402(b) of the Act, 29 U.S.C. § 482(b), says that the Secretary may "bring a civil action against the labor organization as an entity." It would seem that the only appropriate defendant, at least at the outset of the suit, is the union as an entity.

■ It is clear since Calhoon v. Harvey that the only post election remedy, state or federal, is a suit by the Secretary against the Union under § 402 of the Act. Both the language of the statute and its judicial construction make it clear that the Secretary has discretion in deciding whether to bring a suit. It has not been definitively decided whether the negative exercise that discretion is " . . . agency action . . committed to agency discretion by law," 5 U.S.C. § 701(a) (2) and hence, perhaps, beyond the scope of judicial review. *Compare* DeVito v. Shultz, 300 F.Supp. 381 (D.D.C.1969) and Schonfeld v. Wirtz, 258 F.Supp. 705 (S.D.N.Y. 1966) with Ravaschieri v. Schultz, 75 LRRM 2272 (S.D.N.Y.1970). That issue is not presented here, of course, since in this case the Secretary exercised his discretion affirmatively.

In those cases where the Secretary has exercised discretion in favor of bringing suit the courts have fairly consistently refused to permit the complaining union members to take the management of the lawsuit out of his hands by

intervening as parties plaintiff.[1] These cases have been overruled by the January 17, 1972 decision of the Supreme Court in Trbovich v. United Mine Workers of America, 404 U.S. 528, 92 S.Ct. 630, 30 L.Ed.2d 686 (Jan. 18, 1972), at least to the extent that they hold that intervention is prohibited by 29 U.S.C. §§ 482–83 or by the holding in Calhoon v. Harvey, supra.[2] The status of an intervenor must, under *Trbovich*, be determined by standards applicable under Fed.R.Civ.P. 24(a).

In Shultz v. United Steelworkers of America (District 19), 312 F. Supp. 538 (W.D.Pa.1970), Judge March permitted a union *officer*, elected in a challenged election, to intervene as a defendant in the Secretary's suit to set aside the election on the ground that his interests might not be adequately represented by the originally named defendant. An appeal from the final decision in the *Steelworkers (District 19)* case is now pending in this court. (No. 71–1357). But *Steelworkers (District 19)* does not present the precise problem of the instant case since *Steelworkers (District 19)* involves intervention in the litigation over the initially challenged election. Thus our decision in this case will not be dispositive of the intervention issue presented in No. 71–1357. To point up the difference between the two cases reference must be made to those parts of Title IV dealing with judicial procedures after the new supervised election. These are:

> "The Secretary shall promptly certify to the court the names of the persons elected, and the court shall thereupon enter a decree declaring such persons to be the officers of the labor organization. (§ 402(c); 29 U.S.C. § 482 (c))
>
> \* \* \* \* \* \* \*
>
> An order directing an election, dismissing a complaint, *or designating elected officers of a labor organization* shall be appealable in the same manner as the final judgment in a civil action, but an order directing an election shall not be stayed pending appeal." (emphasis supplied). § 402 (d); 29 U.S.C. § 482(d).

It might be argued that the language of § 402(c), requiring the court to enter a decree declaring the persons certified by the Secretary as having been elected, imposes upon the court a nonjudicial mandatory duty and that the Secretary's Certificate was for all purposes final. Such a construction would certainly be a reason for denying a futile intervention. But, when read in its entirety, it is clear that § 402 imposes upon the court a judicial obligation with respect to enforcement of the Secretary's certification. The italicized language of § 402(d), provides that a decree designating elected officers is an appealable order. If the Secretary's Certificate were for all purposes final the appealability provision would be meaningless. Thus we construe § 402 to mean that at least the original defendant can challenge the Secretary's certification. Clearly there is subject matter jurisdiction. We come then to the precise issue, whether anyone other than a defendant union may be allowed to intervene and challenge the Secretary's certification.

1. *See* Hodgson v. United Mine Workers, 77 L.R.R.M. 2497 (D.C. Cir. 1971) (Per Curiam affirmance on opinion of district court, 51 F.R.D. 270, (D.D.C.1970)); Wirtz v. National Maritime Union, 409 F.2d 1340 (2d Cir. 1969); Stein v. Wirtz, 366 F.2d 188 (10 Cir. 1966), cert. denied, 386 U.S. 996, 87 S.Ct. 1316, 18 L.Ed.2d 244 (1967); Wirtz v. Local Unions 410, 410A, 410B & 410C, etc., Operating Engineers, 366 F.2d 438 (2d Cir. 1966); Schultz v. United Steelworkers of America (District 15), 312 F.Supp. 1044 (W.D.Pa.1970); Wirtz v. Local Union No. 1377, I.B.E.W., 288 F.Supp. 914 (N. D.Ohio 1968); Wirtz v. Operating Engineers, 66 L.R.R.M. 2080 (C.D.Cal.1967); Wirtz v. Local 825, I.U.O.E., 60 L.R.R.M. 2092 (D.N.J.1965); Wirtz v. Teamsters Industrial and Allied Employees Union Local No. 73, etc., 257 F.Supp. 784 (D. Ohio 1966).

2. *See* also Hodgson v. Local Union 6799, United Steelworkers, 403 U.S. 333, 334, n. 1, 91 S.Ct. 1841, 29 L.Ed.2d 510 (1971).

A case which strongly suggests that no one except the original union defendant can oppose the Secretary's certification is Morrissey v. Shultz, 311 F.Supp. 744 (S.D.N.Y.1970). It relies, however, on an interpretation of 29 U. S.C. § 482 whiich in the light of Trbovich v. United Mine Workers of America, *supra*, we know to be erroneous. As we said above, the right to intervene in a Title IV case is now determined by Rule 24(a) standards. The Secretary's first or jurisdictional contention is therefore rejected.

In this case the certified winners of the election were or would soon be in effective control of the union. Pondering the question how they, who are obviously satisfied with the certification, could present the case or controversy in which the district was to perform the judicial function of reviewing the certification and entering a judgment, counsel for the defendant union chose a neutral stance. The practical effect of a rule denying intervention in such a case was to place the Secretary's certification in many cases beyond effective judicial review. The federal court has subject matter jurisdiction over the accuracy of the certification. The applicant for intervention claims to be aggrieved by the Secretary's action. 5 U.S.C. § 702. *See* Association of Data Processing Service Organizations, Inc. v. Camp, 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970); Barlow v. Collins, 397 U.S. 159, 90 S.Ct. 832, 25 L.Ed.2d 192 (1970); Shannon v. HUD, 436 F.2d 809 (3d Cir. 1970); Scenic Hudson Preservation Conf. v. FPC, 354 F.2d 608, 616 (2d Cir. 1965), cert. denied, Consolidated Edison Co. v. Scenic Hudson Preservation Conf., 384 U.S. 941, 86 S. Ct. 1462, 16 L.Ed.2d 540 (1966). Certainly it is far more likely that a challenge to the Secretary's certification will be presented in an adversary context if the party who has lost the election and who thus alleges injury in fact is allowed to present that challenge. *See* Flast v. Cohen, 392 U.S. 83, 101, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968).

Thus we reject as well the Secretary's next contention that intervention as a defendant should in all cases be denied because the defendant labor organization will always adequately represent the applicant's interest. Clearly in this case, and in others that we can envisage, that is not so. McFadden claims an interest in the office of Business Manager and in the outcome of the election. The judgment as a practical matter terminates his ability to protect that interest. The defendant Local is not representing his interest at all. Intervention pursuant to Rule 24(a) should have been permitted.

We come then to the Secretary's final position, inconsistent with his first and second positions, which is set forth in his brief as follows:

"Since the District Court retains jurisdiction over a Title IV until after declaring the certified persons officers of the labor organization, the court may review the Secretary's action. The scope of review is defined by Section 10 of the Administrative Procedure Act (5 U.S.C. § 706[2] [A]) which directs a reviewing court (here the District Court) to set aside action found to be 'arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law.' Judge Shaw here could have properly relied only on the Secretary's certification and could have ignored McFadden's allegations since none of them amounted to a charge of arbitrary and capricious action by the Secretary in abuse of his discretion. The Secretary, however, submitted affidavits and exhibits which Judge Shaw considered in reading his finding that the Secretary's determination of winning candidates, certified to him, was proper. He in fact specifically found that the Secretary made a 'proper investigation' of McFadden's allegations 'in good faith.' Thus having satisfied himself that the Secretary had acted properly, it was certainly proper for him to rely on the Secretary's certification." Brief for Appellee at 24–25.

**1370**

Although the district court judgment contains no finding that the Secretary made a proper investigation, in its oral opinion this appears:

> "I am satisfied that the complaints by McFadden were investigated by the Secretary of Labor and I am satisfied that the determination that the complaints are without merit or were such to which would not have an effect upon the outcome of the election are made by the Secretary in good faith, after proper investigation. And under the circumstances, the Court should not intervene to supervise further activity of the Secretary of Labor."

Accepting this statement as a finding, several things must be said. First, that finding amounts to an acceptance of the conclusory affidavit of Mr. Gilmartin made long after the Secretary's certification. Second, that finding amounts to an acceptance of Gilmartin's characterization of the accuracy or relevancy of the charges of irregularities set forth in over twenty opposing affidavits. As to some of the charges Gilmartin says only that the representatives of the Secretary were in no position to observe the alleged irregularity. Certainly a finding that the election was properly held, based on the acceptance of Gilmartin's affidavit alone, would not suffice under Fed.R.Civ.P. 56.

Of course, in the quoted finding, the district court did not find that there were no irregularities. It found only that the Secretary's rejection of the complaints by McFadden was made by the Secretary "in good faith." The Secretary contends that no broader scope of judicial review of his certification is permitted. He equates the district court's finding of "good faith" with a finding that the Secretary's action was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2) (A). It is not at all clear that the district court in referring to "good faith" meant anything more than "honestly" or "not corruptly." Section 706(2) (A) of 5

U.S.C. means more than this. *See* Carlisle Paper Box Co. v. NLRB, 398 F.2d 1, 6 (3d Cir. 1968); Calcutta E. Coast of India & E. Pakistan v. Federal Maritime Comm., 130 U.S.App.D.C. 261, 399 F.2d 994, 997 (1968).

But in any event, we think the Secretary proposes far too narrow a scope of judicial review. The governing statute provides:

> "The reviewing court shall—
> (2) hold unlawful and set aside agency action, findings, and conclusions found to be—(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> * * * * * *
> (D) without observance of procedure required by law." 5 U.S.C. § 706.

Section 402(b) sets forth a legal standard for the conduct of a supervised election. The court must "direct the conduct of a new election under supervision of the Secretary and, so far as lawful and practicable, in conformity with the constitution and bylaws of the labor organization." 29 U.S.C. § 482(c). At a minimum the court must itself determine, before it enters a decree, whether the election was held in conformance with the appropriate legal standard. Here the district court expressly abdicated that responsibility and relied entirely upon the Secretary's "good faith."

We hold that the district court in this case should have permitted McFadden to intervene and should have held a hearing, before entering a decree declaring elected the persons certified by the Secretary, to determine whether the Secretary's action was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law—in this case the legal requirements of § 402 of the Act.

The judgment of the district court will be reversed and the case remanded for further proceedings consistent with this opinion.

KALODNER, Circuit Judge (dissenting).

I dissent for these reasons:

In the instant case, McFadden filed his motion to intervene as a defendant in the Secretary's action against the defendant Union "in order to contest the proposed certification of the results of the election held October 17, 1970." [1]

It is settled that a union member cannot bring an action to set aside a union election and that the Secretary of Labor is vested with the "exclusive" right to maintain such an action, under § 403 of the Labor-Management Reporting and Disclosure Act of 1959, (LMRDA) 29 U.S.C.A. § 483. Trbovich v. United Mine Workers of America, 404 U.S. 528, 92 S.Ct. 630, 30 L.Ed.2d 686, decided January 17, 1972; Calhoon v. Harvey, 379 U.S. 134, 140, 85 S.Ct. 292, 13 L.Ed. 2d 190 (1964); McGuire v. Grand International Division of the Brotherhood of Locomotive Engineers, 426 F.2d 504, 508 (6 Cir. 1970); Mamula v. United Steelworkers of America, 304 F.2d 108, 109 (3 Cir. 1962), cert. den. 371 U.S. 823, 83 S.Ct. 42, 9 L.Ed.2d 63.

Here, the majority, in holding that McFadden can intervene as a party defendant for the avowed purpose of setting aside the October 17, 1970 union election, in the Secretary's instant action to certify that election, permits McFadden to do *indirectly* what he cannot do *directly, viz.,* seek by court action to set aside a union election.

In the leading case of Calhoon v. Harvey, *supra,* it was ruled that Title IV of the LMRDA ". . . sets up a statutory scheme governing the election of union officers. . . ."; "Section 402 of Title IV . . . sets up an exclusive method for protecting Title IV rights, . . ."; and "[i]t is apparent that Congress decided to utilize the special knowledge and discretion of the Secretary of Labor in order best to serve the public interest." 379 U.S. 140, 85 S.Ct. 296.

In *Trbovich,* where it was held that a union member, who had filed a suit to set aside an election, could intervene as a party plaintiff "so long as that intervention is limited to the claims of illegality presented by the Secretary's complaint," [2] the Court had occasion to discuss Title IV of LMRDA.

In doing so, it said as page 636 of 92 S.Ct.:

"Title IV of the statute establishes a set of substantive rules governing union elections, LMRDA § 401, 29 U. S.C. § 481, and it provides a comprehensive procedure for enforcing those rules, LMRDA § 402, 29 U.S.C. § 482. Any union member who alleges a violation may initiate the enforcement procedure. He must first exhaust any internal remedies available under the constitution and bylaws of his union. Then he may file a complaint with the Secretary of Labor, who 'shall investigate' the complaint. Finally, if the Secretary finds probable cause to believe a violation has occurred, he 'shall . . . bring a civil action against the labor organization' in federal district court, to set aside the election if it has already been held, and to direct and supervise a new election. With respect to elections not yet conducted, the statute provides that existing rights and remedies apart from the statute are not affected. *But with respect to an election already conducted, 'the remedy provided by this subchapter . . . shall be exclusive.'* LMRDA § 403, 29 U.S.C. § 483.

*"The critical statutory provision for present purposes is § 403, 29 U.S.C. § 483, making suit by the Secretary the 'exclusive' post-election remedy for a violation of Title IV. This Court has held that § 403 prohibits union members from initiating a private suit to set aside an election. Calhoon v. Harvey, 379 U.S. 134, 140, 85 S.Ct. 292,*

---

1. The quoted statement was made in McFadden's "Motion to Intervene as a Defendant."

2. 92 S.Ct. page 632.

296, 13 L.Ed.2d 190 (1964)." (Emphasis supplied).

In discussing the issue of intervention by a union member in an action brought by the Secretary to set aside a union election, the Court, in *Trbovich*, enunciated these guidelines, significantly relevant and illuminating here:

"With respect to litigation by union members, then, the legislative history supports the conclusion that Congress intended to prevent members *from pressing claims not thought meritorious by the Secretary*, and from litigating in forums or at times different from those chosen by the Secretary. Only if intervention would frustrate *either* of those objectives can the statute fairly be read to *prohibit intervention* as well as initiation of suits by members."

". . . [W]e think Congress intended to insulate the union from any complaint that did not appear meritorious to *both* a complaining member and the *Secretary*. Accordingly, we hold that in a post-election enforcement suit, Title IV imposes no bar to intervention by a union member, *so long as that intervention is limited to the claims of illegality presented by the Secretary's Complaint*." (Footnote omitted) (Emphasis supplied).[3]

In the instant case the election was conducted by the Union on October 17, 1970, under the supervision of the Secretary. Several days later, McFadden and others filed complaints with respect to the conduct of the election. An investigation followed and the Secretary then determined that the complaints were either unsupported or insufficient to affect the outcome of the election at which McFadden was defeated in his candidacy for re-election as Business Agent of the Union.

Thus, since the Secretary here did not think meritorious the complaints as to the conduct of the election, the intervention as a defendant sought by McFadden was barred by the guidelines enunciated in *Trbovich*.

This must be added to what has been said.

In Mamula v. United Steelworkers of America, *supra*, a union member filed an action to set aside a union election. The District Court thereafter set the election aside. We reversed on the ground that the union member lacked standing to bring his action. *McGuire*, earlier cited, held to the same effect.

For the reasons stated I would affirm the judgment of the District Court denying McFadden's motion to intervene as a defendant.