470 F.2d 261
 81 L.R.R.M. (BNA) 2905, 69 Lab.Cas. P 13,208
 Michael McDONOUGH
v.
LOCAL 825, INTERNATIONAL UNION OF OPERATING ENGINEERS, and
Edward A. Weber, Appellants in No. 71-1973.
Appeal of Edward J. ZARNOCK, Intervening Defendant in No. 71-1983.
 Nos. 71-1973, 71-1983.
 United States Court of Appeals,
Third Circuit.
 Argued Oct. 2, 1972.
Decided Dec. 5, 1972.
 
 Thomas J. Foley, Jr., Rosser, McDonald, Marcus & Foley, Scranton, Pa., for appellants in No. 71-1973.
 Matthew Grayson, Elizabeth, N. J., for appellant in No. 71-1983.
 Henry J. Daaleman, O'Brien, Daaleman, Liotta & Muscatello, Elizabeth, N. J., for appellee.
 Before SEITZ, Chief Judge, and HASTIE and HUNTER, Circuit Judges.
 OPINION OF THE COURT
 HUNTER, Circuit Judge.
 
 
 1
 This is an appeal from a district court decision which required the parties to have an arbitration association effect a recount of a union election. At issue is whether appellee properly brought this action under Sec. 102(a)(1) of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. Sec. 412.
 
 FACTS
 
 2
 Appellee is a member of Local 825. He was campaign manager for one of the candidates for president in the Union's last election. Appellant Weber was also a candidate for president. He was supported by the faction which had previously controlled the Union. The election was to fill all Union offices, and a certain number of ballots were marked improperly as to the voting for trustees. How these ballots were to be counted was crucial to the election. If the votes on them were to be counted for all offices other than that of trustee, appellee's candidate would win. If the ballots were totally invalidated, appellant would win.[1] On election night, the Union's election committee ruled that the disputed ballots were only partially void, and appellee's candidate won. Appellant Weber appealed this decision to the Union's executive committee (of which he was head) and requested a recount.
 
 
 3
 A dispute ensued over who was to conduct the recount and rule on how to count the improperly marked ballots. Appellee, fearing that on recount the ballots would be wholly voided, sued to enjoin any recount and have his candidate declared the winner or, alternatively, have the district court supervise the recount. Appellee alleged that the union had a history of unfair election practices, that previously it had attempted to reject his candidate's nomination, that the ballots used in the election had been misleading and confusing to the advantage of appellant, and that the union was "maliciously" about to "throw out the partially void ballots."
 
 
 4
 The district court interpreted the complaint "as alleging a preconceived, pre-existing conspiracy on the part of numerous officers of the Executive Board and Election Committee to discriminate against the Cahill[2] slate during the election by means of prejudicial rule and decision making and thus deprive the Cahill candidates of the equal voting rights guaranteed by Sec. 411(a)(1)." It held that although balloting had occurred, an election had not yet been conducted because the results had not been certified and determined that appellee's claim stated a cause of action under Sec. 412. Without any finding that a conspiracy did in fact exist, the court gave appellee the relief requested by ordering the parties to choose an arbitration association to effect the recount. The Honest Ballot Association decided that the ballots were only partially invalid. Pursuant to another Court order, appellee's candidate was declared the winner and installed as president. He is presently still in office.[3] Appellants were not opposed to a neutral observer's being present at the recount. They are opposed to allowing the neutral party decide how to count the improperly marked ballots. They claim that appellee could not sue under Sec. 412 since the election had already been conducted and appellee thus was limited to the remedies provided by 29 U.S.C. Sec. 482. They also argue that even if an election had not been conducted, appellee failed to state a cause of action under Sec. 411.
 
 THE STATUTORY SCHEME
 
 5
 Sec. 411 of the Labor-Management Reporting and Disclosure Act guarantees, among other things, that every union member "shall have equal rights . . . to vote in elections." Any member whose Sec. 411 rights are violated may sue for appropriate relief. 29 U.S.C. Sec. 412.
 
 
 6
 Title IV of the Labor-Management Reporting and Disclosure Act extensively covers the conduct of union elections. 29 U.S.C. Secs. 481-483. Enforcement of violations of Sec. 481 is much more complicated than a direct suit under Sec. 412, however. An aggrieved member must first exhaust all available union procedures. If this fails, he has to file a complaint with the Secretary of Labor. If the Secretary determines that it is probable that Sec. 481 was violated the Secretary must bring an action against the union. The purpose of this intricate procedure is to permit a "maximum amount of independence and self-government by giving every international union the opportunity to correct improper local elections." S.Rep.No.187, 86th Cong., 1st Sess., 21, I Leg.Hist. 417. See, e. g., Wirtz v. Local 153, Glass Bottle Blowers Ass'n., 389 U.S. 463, 472, 473, 88 S.Ct. 643, 19 L.Ed.2d 705 (1968); Calhoon v. Harvey, 379 U.S. 134, 140, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964).
 
 
 7
 Where an election has already been conducted, Sec. 482 is the exclusive remedy available. 29 U.S.C. Sec. 483. See, e. g., Calhoon v. Harvey, 379 U.S. 134, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964); McGuire v. Grand International Division of Brotherhood of Local Eng., 426 F.2d 504 (6th Cir. 1970); Mamula v. United Steelworkers of America, 304 F.2d 108 (3d Cir. 1962).
 
 DISPOSITION
 
 8
 The threshold question, then, is whether the election has already been conducted[4] here since the balloting has been completed. If it has been, appellee could not have brought this suit and we need not determine whether he has stated a cause of action under Sec. 412 despite his not having alleged that he was not permitted to vote or that his vote was not going to be counted.
 
 
 9
 In determining whether an election has been conducted for purposes of Sec. 483, it is necessary to construe that section in light of the Congressional policy against unnecessary governmental intrusion into internal union affairs. Cf. Wirtz v. Local 153, Glass Bottle Blowers Ass'n., 389 U.S. 463, 88 S.Ct. 643, 19 L.Ed.2d 705 (1968).
 
 
 10
 It is a reasonable interpretation of Sec. 483 to hold that an election has been conducted once balloting has occurred. Cf. Libutti v. Di Brizzi, 337 F. 2d 216 (2nd Cir. 1964).[5] This comports with a literal reading of "conducted" as well as with a reading that adheres to Congressional policy.
 
 
 11
 To say, as the district court did, that the election is not completed until the result is certified would set up a race to the court house since it is difficult to believe that any complaining party would choose to wait until a result had been finalized to bring suit because he would then have to use Secs. 481-483. Cf. McGuire v. Grand International Division of Bro. of Local Engineers, 426 F.2d 504, 508 (6th Cir. 1970). It would cause the judicial interference which Congress attempted to avoid. The district court was also incorrect in concluding that Sec. 482 was unavailable to the parties at the time appellee brought suit. Appellant Weber's request for a recount is consistent with Sec. 482 since he was beginning to exhaust his union remedies.
 
 
 12
 Since the district court lacked jurisdiction, all orders entered by the district court in this case are vacated, and the district court is instructed to dismiss the complaint. This is without prejudice to the rights of the parties to pursue the statutory remedies under 29 U. S.C. Secs. 481-83.
 
 
 13
 Since this opinion does not determine the winners of the contested election, it does not require a disturbance of the status quo pending any further proceedings. The decision of the district court will be reversed.
 
 
 
 [1]
 Two union election rules may apply to these ballots:
 "(13) Ballots showing votes for more than the number of vacancies to be voted on shall be declared void.
 "(14) Ballots cast and defaced in any manner which would make it difficult to determine voter's choice shall be declared void."
 
 
 [2]
 Cahill was the presidential candidate supported by appellee
 
 
 [3]
 After appellee's candidate gained control of the union, appellee filed motions to dismiss the appeal taken from the orders of the District Court on behalf of the union and Edward Zarnock. The panel which heard these motions continued them until this panel could dispose of the case on the merits. In view of our disposition of this case, we agree with appellant that it would be inconsistent to grant these motions, and they are denied
 
 
 [4]
 Apparently there have been no appellate rulings on when an election has been conducted for purposes of Sec. 483. The parties cite none, and we are unable to find any. In Jennings v. Carey, 51 L.C. 32893, 32898 (D.D.C.1964), the district court held, among other things, that alleged improprieties in the counting of ballots did not occur "prior to the conduct of an election," and refused to grant plaintiff's request for court supervision of the counting. The court of appeals, per curiam, ordered that the Secretary of Labor was to take custody of the ballots and allow the union access to them. Jennings v. Carey, 58 LRRM 2606 (1966). It dealt with none of the issues presented to the district court. Appellant here makes no objection to allowing neutral observers at the recount, in addition to those observers to which appellee's candidate is entitled under 29 U.S.C. Sec. 481(c)
 
 
 [5]
 In Libutti v. Di Brizzi, 337 F.2d 216, 218 (2nd Cir. 1964), the Court stated:
 "Of course the guarantees of Sec. 101 (a) [Sec. 411(a)(1)] (1) do not provide federal courts with a mandate for general supervision of union elections. A plaintiff complaining that ballots will not be counted properly or that the efficacy of his vote is otherwise threatened by practices subsequent to the nomination and voting must look to the broader provisions of Sec. 401(e) [Sec. 481 (e)] for a federally created remedy."
 This implies that an election has been conducted once balloting has occurred.